## VAN PATTON & MARKS v. BEALS AND HAMMER.

1. **Promissory Note:** UNSOUNDNESS OF MIND: SURETY. A person of unsound mind, who signs as surety a note given for an antecedent debt, cannot be held liable thereon, even though the person taking the note had no knowledge that the surety's mind was unsound.

*Appeal from Jasper Circuit Court.*

FRIDAY, APRIL 20.

ACTION upon a promissory note. Judgment was rendered against the defendant Beals by default. The defendant Hammer answered, averring in substance that he signed the note as surety only, and was at the time of unsound mind and incapable of doing business, or of comprehending the nature of his act in signing said note. The evidence supported the averments, and showed that the note was given for an antecedent debt. The court, among other instructions, gave the jury the following:

" 6. The law cannot undertake to measure the validity of contracts by the greater or less strength of the understanding; but if the defendant was at the time of signing the note so insane or destitute of reason as not to know the consequences of the act, then it is void. If he did know what he was doing, and understood the consequences of his contract, then he is liable, and your verdict should be for the plaintiffs in case you so find.

" 7. Should you find from the evidence, under the instructions given, that defendant was so insane as to be incapable of making a contract, then the fact that the plaintiffs had no knowledge of such fact would be immaterial, except as showing that the plaintiffs did not exercise any undue influence or fraud upon him."

To the giving of these instructions the plaintiffs excepted. Judgment for defendant. Plaintiffs appeal.

*Smith & Wilson*, for appellants.

*R. A. Sankey*, for appellee.

ADAMS, J.—The general rule, doubtless, is that an idiot or insane person is not bound by his contract. In Parsons on Notes and Bills, 1 Vol., 149, the author says: "There can be no contract unless there be a meeting of minds, and there can be no meeting of minds if one party has no mind which can meet the mind of the other." Still this rule, like many others, can hardly be followed out in all its strictly logical results. In *Bagster v. Earl of Portsmouth*, 5 Barnwell & Cresswell, 172, it was held that an insane person is liable for necessaries, and such undoubtedly is the law. It is for the interest of the lunatic that he should be allowed to contract for necessaries, and per-haps it might be said that however unsound in fact his mind may be, the law will presume that it is sufficiently sound to enable him to make such a contract.

1. PROMIS-SORY note: unsoundness of mind: surety.

In *Dane v. Kirkall*, 8 C. & P., 679, the court went some-what farther. It was held in that case that a lunatic was bound by her agreement to pay for the use and occupation of a house that was not necessary for her, it not appearing that the plaintiff knew that the defendant was a lunatic. Upon this point it may be said that so far as a lunatic's estate is benefitted by an agreement, it would seem to be reasonable that a person contracting with the lunatic without notice of the lunacy should be allowed to recover against him. Farther than that we doubt whether the law can be said to go. The true doctrine is, we think, expressed in *Seaver v. Phelps*, 11 Pick., 304. This was an action of trover, brought to recover the value of a promissory note pledged by plaintiff to the defendant at a time when the plaintiff was insane. WILDE, J., after stating that the general doctrine that the contracts of idiots and insane persons are not binding in law or equity is not denied, said: "The defendant's counsel maintain that if the plaintiff was of unsound mind and incapable of understanding at the time he pledged the note to the defend-ant, yet if the defendant was not apprized of that fact, or had no reason to suspect it from the plaintiff's conduct or from any other source, and did not overreach him or practice any fraud or unfairness, then the contract of bailment was valid

and binding, and they requested the Court of Common Pleas to so instruct the jury, but the court was of the opinion that the law was otherwise, and we all concur in the same opinion." In that case it did not appear whether the note was pledged for an antecedent debt or whether the plaintiff obtained credit expressly upon the strength of the pledge, and probably it was deemed immaterial. In the case at bar the note which the defendant signed as surety was given for an antecedent debt.

Without intimating that the rule would be different if credit had been granted upon the strength of the defendant's name, it seems entirely clear to us that as credit was not thus granted the defendant should not be held liable.

AFFIRMED.