## STATE v. FERDINAND STROSCHEIN.[1]

October 19, 1906.

Nos. 14,870—(193).

**Construction of Statute.**

The rule for construing revised statutes permits a reference to and examination of prior statutes for the purpose of ascertaining the intent of the legislature, when the revised statute is ambiguous or susceptible of two constructions.

**Intoxicating Liquor—Sale to Minors.**

It has always been the policy of our legislature to protect the youth of the state from the contaminating, immoral, and vicious influences connected with the saloon traffic, and there was no intention on its part in the statutory revision of 1905 to depart from that policy.

**Same—R. L. 1905.**

The several sections of the Revised Laws of 1905 regulating the sale of intoxicating liquor construed, and *held* to prohibit the sale to minors precisely as such sales were prohibted prior to the recent revision of the statutes.

[1] Reported in 109 N. W. 235.

Case certified from the district court for Lyon county, Webber, J., for the determination of the questions enumerated in the opinion. Affirmed, and remanded for further proceedings.

*E. T. Young,* Attorney General, *Bjorn B. Gislason,* County Attorney, and *O. A. Lende,* for the State.

*Thomas E. Davis,* for defendant.

BROWN, J.

Defendant was charged by the indictment against him with the crime of selling intoxicating liquor to a minor. He interposed a general demurrer to the indictment, which was overruled, and the trial court certified the cause to this court for the determination of the following questions: (1) Whether the indictment states facts sufficient to constitute a public offense; (2) if it states a public offense, of what section of the statutes do the facts alleged show a violation; and (3) what section of the statutes prescribes the penalty for the offense charged? The essential parts of the indictment are substantially as follows: That defendant on May 17, 1906, at the village of Cottonwood, in the county of Lyon, did unlawfully sell and dispose of intoxicating liquor, namely, eight glasses of beer of the value of forty cents, to one Carl Lerstad, the said Lerstad being then a minor person, under the age of twenty one years.

The question whether the indictment states a public offense involves a construction of those portions of the Revised Laws of 1905, regulating and controlling the sale of intoxicating liquors. It is contended by defendant that under the terms of the new statutes it is not an offense for a licensed saloonkeeper to sell his wares to a minor; that such sales are a violation of the law only when made after notice forbidding the same has been given by the parents or guardian of the minor. In this contention, urged with much ingenuity by counsel for defendant, we are unable to concur.

The new statutes on the subject of the sale of intoxicating liquors are not, perhaps, so clear and specific as they might have been made. Section 1519 provides, generally, that any person who shall sell any intoxicating liquors in quantities less than five gallons, or in any quantity to be drunk upon the premises, "except as hereinafter provided," is guilty of a misdemeanor, and shall be punished by a fine

of not less than $50 and the costs of prosecution, and by imprisonment in the county jail for not less than thirty days. This section prohibits all sales of intoxicating liquors in quantities less than five gallons, except as expressly provided by other sections. Section 1520 permits pharmacists, duly licensed to carry on their business, to dispense such liquors upon the prescription of a reputable and licensed physician; and section 1521 provides that any person duly licensed by proper authority may sell such liquors in the room named in his license, at the time, in the manner, and to the persons allowed by law, but not otherwise. While section 1532 prohibits a sale by a licensed dealer on certain days named in the section, section 1533 prohibits the sale at certain places, and section 1534 declares a sale to minors, pupils, students in any educational institution, intoxicated persons, or spend-thrifts, to be illegal. Section 1559 provides that any person selling liquors to a minor after notice by a parent or guardian of such minority shall be deemed guilty of a misdemeanor and punished by a fine of not less than $50 or more than $100, and imprisonment for not less than thirty days or more than ninety days. We find in these several sections the general prohibition, except as permitted, and the express grant of authority to sell, and the place where the business may be carried on, certain restrictions as to persons to whom sales may be made, and specific prohibition against sales to minors after notice from parents or guardian. It is the claim of defendant that inasmuch as no specific punishment is imposed for a violation of section 1534, prohibiting generally the sale to minors, section 1559 is the only statute now in force on the subject. The question presented is whether this contention is sound.

As already observed, these various provisions of the statutes are not clear. They leave the question somewhat in doubt. The rules for the interpretation of revised statutes or codes resolve themselves into one inquiry, applicable alike to the construction of all legislative enactments, viz., the legislative intent. If the language of the revised statutes be plain and free from doubt, the will of the lawmakers must be ascertained therefrom, unaided by prior statutes on the subject. If of doubtful meaning or import, or susceptible of two constructions, the prior statutes, of which the new is the revision, may be resorted to for the purpose of rendering the new clear. Or, as ex-

pressed by the supreme court of the United States, prior statutes may be resorted to for the purpose of solving, but not to create, an ambiguity.    Hamilton v. Rathbone, 175 U. S. 414, 20 Sup. Ct. 155, 44 L. Ed. 219.

Taking the various sections of the new statutes, in connection with the settled law of the state on the subject prior to the revision, we have no doubt that the legislature intended to retain the old law in all its essential respects.    It has always been the policy of this state to protect the youth of our land from the immoral and vicious influences connected with the liquor traffic, and to guard them so far as possible from the formation of a habit inimical alike to them and to the welfare of society.    Since 1866, a provision has remained upon our statute books, substantially like section 1559 of the revised laws, prohibiting the sale of liquor to minors after notice to the liquor dealer by parents or guardian; and since 1877 all sales to minors have been prohibited, without regard to whether such notice be given or not. There was no intention, in the enactment of the new statute, of departing from this settled policy of the state.    The legislature did not intend to open the doors of our numerous saloons to minors, students, and others named in section 1534, and that section was not embodied in the revision for an idle purpose.

If we were to sustain counsel for defendant, that particular section would conserve no purpose whatever, except as a declaration that a sale of that kind is illegal, but not punishable as a crime.    The section must be construed in connection with section 1519, and also section 1521, by which latter section it is expressly declared that a person duly licensed to sell intoxicating liquors may sell the same in the room named in his license, at the time, in the manner, and to the persons allowed by law, but not otherwise.    While the statutes do not specifically designate persons to whom sales are "allowed," the inference is that they may be made to all persons not included within the prohibitions of section 1521.    So, taking that section in connection with section 1534, the sale of liquors to a minor, whether notice be given or not, is prohibited and a violation thereof constitutes a public offense.    It is true that section 1519, in declaring that any person who sells intoxicating liquors, except as thereinafter provided, is guilty of a misdemeanor, strictly construed, has apparent reference

to sales without a license only; but the language, "except as hereinafter provided," clearly discloses an intention on the part of the legislature to restrict all sales by licensed dealers to the persons and at the times and places thereinafter designated, and section 1521 is specific as to when and to whom sales may be made. The sections referred to are in pari materia, and must be construed together. The penalty provided by section 1519 applies to a violation of sections 1532, 1533 or 1534.

The suggestion that the fact that the penalty for a violation of section 1519 is made greater than for a violation of section 1559, shows an intention on the part of the legislature in the revision to eliminate the offense of selling to minors without notice, is not sound. The fact that the greater penalty may, in the discretion of the court, be imposed where no notice is given, only indicates to our mind a mistake on the part of the revisers of the statutes in fixing the penalty for each offense. This clearly does not indicate an intention to strike from the statute books the offense of selling to minors where no notice is given, and thus depart from a wholesome public policy. 6 Current Law, 1540.

It is also urged that the indictment is defective and insufficient in that it does not allege that the liquor alleged to have been sold in the case at bar was to be drunk upon the premises. It is immaterial for what purpose the liquor was purchased by the minor; the charge is that the quantity sold was less than five gallons, and this specific allegation is not rendered uncertain by the further allegation that it consisted of eight glasses. What constitutes a glass of beer, as to quantity, is a matter of common knowledge of which the court will take notice. Our conclusion is that the indictment states an offense under the sections of the statute referred to, and is punishable under section 1519.

The order of the trial court is therefore affirmed, and the cause remanded for further proceedings.