## JOSEPH C. SWENSON AND OTHERS v. SAMUEL LEWISON AND OTHERS.[1]

December 15, 1916.

Nos. 20,136—(91).

**Descent and distribution — nephews and nieces inherit per stirpes.**

1. Where a decedent leaves him surviving neither issue, spouse, father, mother, brother nor sister, but leaves him surviving the issue of deceased brothers and sisters, his property descends to them *per stirpes* and not *per capita*, under our present statute.

[1]Reported in 160 N. W. 253.

**Change in statute.**

    2. Where the Revised Laws of 1905, in clear and unambiguous terms, made a change in the prior law, such change must be given effect.

Samuel Lewison, administrator of the estate of John Swenson, deceased, petitioned the probate court for Yellow Medicine county for an order settling his account as such administrator and directing him to distribute the estate to the heirs at law of decedent. From the decision of the probate court, Joseph C. Swenson, Samuel J. Swenson and Minnie Kingston appealed to the district court for that county. The appeal was heard upon stipulated facts by Qvale, J., who made findings and affirmed the decree of the probate court. From the judgment entered pursuant to the findings, Joseph C. Swenson, Samuel J. Swenson and Minnie Kingston appealed. Affirmed.

    *A. J. Rockne, John A. Dalzell and Jesse Van Valkenburg,* for appellants.

    *J. M. Johnson,* for respondents.

TAYLOR, C.

John Swenson died intestate, leaving him surviving neither issue, spouse, father, mother, brother nor sister. He was survived by six children of one deceased brother; by six children of a second deceased brother; by two children of a third deceased brother, and by a child of a deceased daughter of the third brother.

The only question presented is whether his nephews and nieces take *per capita* or *per stirpes;* whether his estate descends in equal shares to all the children of his deceased brothers (the issue of a deceased child taking the share of its parent), or whether one-third of the estate descends to the issue of each of the three deceased brothers. The statute in force prior to the enactment of the Revised Laws of 1905, after making provision for a surviving spouse and for the descent of the homestead, provided that the residue of the estate of an intestate, or, if there be no surviving spouse, the whole thereof "shall descend * * * in the manner following:

1. In equal shares to his children, and to the lawful issue of any deceased child, by right of representation.

2. If there be no child and no lawful issue of any deceased child of the

intestate living at his death, and the intestate leaves a surviving husband or wife, then the whole of his or her estate shall descend to such survivor.

3. If the intestate leaves no issue nor husband nor wife, his estate shall descend to his father.

4. If the intestate leaves no issue nor husband nor wife nor father, his estate shall descend to his mother.

5. If the intestate leave no issue, nor wife nor husband nor father nor mother, his estate shall descend in equal shares to his brothers and sisters, and to the lawful issue of any deceased brother or sister by right of representation.

6. If the intestate leaves no, issue, and no husband or wife, and no father, mother, brother, or sister, his estate shall descend to his next of kin, in equal degree; excepting that when there are two or more collateral kindred in equal degree, but claiming through different ancestors, those who claim through the nearest ancestor shall be preferred to those claiming through an ancestor more remote."

G. S. 1894, § 4471; chapter 33, p. 34, Laws 1901. This statute clearly provided that where the next of kin were nephews and nieces they took *per capita* and not *per stirpes,* and it was so decided in Staubitz v. Lambert, 71 Minn. 11, 73 N. W. 511.

The Revised Laws of 1905 provided that the estate, "shall descend * * * in the manner following:

1. In equal shares to his surviving children, and to the lawful issue of his deceased children, by right of representation.

2. If there be no surviving child and no lawful issue of any deceased child, and the intestate leaves a surviving spouse, then the whole estate shall descend to such spouse.

3. If the intestate leaves no issue nor spouse, his estate shall descend to his father and mother in equal shares, or, if but one survives, then to such survivor.

4. If there be no surviving issue nor spouse, nor father nor mother, his estate shall descend in equal shares to his brothers and sisters, and to the lawful issue of any deceased brother or sister, by right of representation.

5. If the intestate leaves neither issue, spouse, father, mother, brother nor sister, *nor living issue of any deceased brother or sister,* his estate shall descend his next of kin in equal degree, except that when there

are two or more collateral kindred in equal degree, but claiming through different ancestors those who claim through the nearest ancestors shall be preferred to those claiming through an ancestor more remote."

R. L. 1905, § 3648. These provisions still remain in force. G. S. 1913, § 7238.

In addition to changes in phraseology, the revision made two material changes in the substantive provisions of the former statute. If the decedent left no surviving issue nor spouse, subdivision 3 of the former statute gave the estate to his father; if he left no issue, nor spouse nor father, subdivision 4 of the former statute gave the estate to his mother. If the father were living the mother took no part of the estate. These two subdivisions of the former statute were combined and recast by the revisers as subdivision 3 of the present statute; and this subdivision, as so recast, gives the estate to the father and mother in equal shares, if the decedent left no issue nor spouse. Subdivision 5 of the former statute became subdivision 4 of the present statute without change in substance. But subdivision 6 of the former statute, when made subdivision 5 of the present statute, was changed in substance by inserting the words, "nor living issue of any deceased brother or sister," so that it now reads as printed above, the inserted words being in italics.

By the first subdivision of both statutes, if the surviving kin first in the line of descent are issue of the decedent, they take by right of representation, that is, *per stirpes;* and neither statute makes any other or different provision for a case in which there are no living children of the decedent and the first in the line of descent are his grandchildren. Under both statutes the *per stirpes* rule continues so long as issue of the decedent be living. By the fifth subdivision of the former statute which is the same in substance as the fourth subdivision of the present statute, if the first in the line of descent are brothers and sisters, they also take by right of representation. The present statute makes no other or different provision for a case in which there are no living brothers or sisters, and the first in the line of descent are nephews and nieces or their issue; but, by subdivision six of the former statute, if there were no living brothers or sisters and the first in the line of descent were nephews and nieces or kin of a more remote degree, they took *per capita* and not *per stirpes.* The former statute made the change from the *per stirpes* rule to the *per capita* rule

at the point where there were no living brothers or sisters and the first in the line of descent were nephews and nieces or kin of a more remote degree. The present statute makes the change from the *per stirpes* rule to the *per capita* rule at the point where there are no living brothers or sisters, *"nor living issue of any deceased brother or sister,"* and the first in the line of descent are kin of a more remote degree than a brother or sister. The present statute continues the *per stirpes* rule so long as issue of a brother or sister be living. It follows that in the present case the nephews and nieces take *per stirpes* and not *per capita.*

Appellant invokes the rule that the Revised Laws of 1905 are presumed to have continued the pre-existing law unchanged unless an intention to change it clearly appears. This rule is well settled; but it is equally well settled that where the revised laws, in clear and unambiguous terms, made a change in the prior law, such change must be given effect. State v. Stroschein, 99 Minn. 248, 109 N. W. 235; State v. Minneapolis Milk Co. 124 Minn. 34, 144 N. W. 417, 51 L.R.A. (N.S.) 244; Williams v. Reid, 130 Minn. 256, 153 N. W. 324, 593.

In the present case the law as revised is clear and unambiguous, and manifests a plain intent to change the prior law. There is no rule of construction which will permit us to hold that the legislature intended to continue the former statute by which a surviving father took the whole estate to the entire exclusion of a surviving mother. Neither is there any rule which will permit us to disregard the new clause which the legislature inserted in subdivision 5 of the present statute. The insertion of this clause leaves the statute clear and unambiguous, and under such circumstances we cannot reject this clause nor declare it meaningless, but must give it the effect which the legislature plainly intended.

Judgment affirmed.