## TOWN OF IONA v. COUNTY OF TODD.[1]

### December 22, 1916.

### Nos. 19,974—(92).

**Care of pauper having no legal settlement.**

Under Revised Laws 1905, § 1511, subd. 2, in a county where the town system of caring for the poor is in force, the ultimate liability for the care of a pauper who has no legal settlement anywhere in this state for the purposes of poor relief, does not rest upon the county in which is located the town where the pauper is when he becomes a charge.

Action in the district court for Todd county to recover $412.25 for the care and support of a poor person. From an order, Parsons, J., sustaining a demurrer to the complaint, plaintiff appealed. Affirmed.

*Arthur B. Church,* for appellant.

*Wm. W. Wood,* for respondent.

[1]Reported in 160 N. W. 669.

BUNN, J.

Plaintiff, the town of Iona, brought this action against Todd county to recover the sum of $412, expended by plaintiff in the care and support of one John Juricka, a poor person. Defendant demurred to the complaint. The demurrer was sustained and plaintiff appeals.

The facts are as follows: The town of Iona is situated in Todd county. The county system of caring for the poor was in force in that county up to the first Monday in January, 1915, when the town system went into force. Juricka came to the United States from Austria, where he was born, in October, 1913. He lived for short periods in Texas and Illinois, coming to Todd county July 29, 1914; he resided in the town of Long Prairie in that county until November 15, 1914, when he removed to the town of Iona. On December 25, 1914, Juricka received bodily injuries which totally incapacitated him from doing work of any kind, and rendered it necessary that he be furnished medical and hospital treatment. Ever since his injuries, he has been a public charge. While the county system was in force, he was supported at the expense of Todd county. Since the first Monday in January, 1915, plaintiff has furnished aid to Juricka to the reasonable value of the sum demanded in the complaint. Juricka has not and never has had any legal settlement for the purposes of poor relief within the state of Minnesota. Plaintiff presented its claim for reimbursement to the county, but it was disallowed.

The question for decision is whether, in a county where the town system of caring for the poor is in force, the ultimate liability for the care of a pauper who has no legal settlement anywhere in Minnesota for the purposes of poor relief, rests upon the county in which is located the town where the pauper is when he becomes a charge. It is conceded that primarily and in the first instance it is the duty of the town to furnish the necessary relief, but plaintiff contends that under a proper construction of our statutes the town is entitled to recover from the county the reasonable amount of its expenditures for such relief.

Prior to the enactment of Laws 1901, p. 397, c. 251, there was no statutory provision for the care of a poor person in a county where the town system was in force, where the poor person had no legal settlement anywhere in the state. The act of 1901, re-enacted with minor changes in Laws 1903, p. 529, c. 298, contained provisions making the county in

which the poor person was found liable to the town furnishing the assistance "whenever any person not having a legal settlement therein shall be taken sick," or otherwise be in need of relief as a poor person. There can be no doubt that under this statute the county was liable, whether or not the pauper had a legal settlement in the state. Town of Highland Grove v. County of Clay, 101 Minn. 11, 111 N. W. 651. The question is whether the law was changed by the revision of 1905. Section 1511 of the 1905 Revised Laws is a revision of G. S. 1894, § 1976, which provides for the deportation by town authorities of nonresident paupers having settlement in this state, and of Laws 1903, c. 298. Section 1511, subd. 2, R. L. 1905, reads as follows:

"When application for relief is made by a person who has a settlement in some other county, town, city or village, its chairman or president shall warn him to depart, and, if he is unable or refuses to do so within a reasonable time, and is likely to become a public charge, such chairman or president may, in writing, require any constable or marshal of the town, city or village to convey him to the place of his settlement. If such person is so sick or infirm as to render it unsafe or inhuman to remove him, and is in immediate need of support or relief, the board or council shall provide such assistance as it deems necessary, and, if he die, shall give him decent burial. The expense so incurred shall be paid by the town, city or village, and shall thereupon become a charge against the county. Upon payment thereof, the county may receive the same from the county, town, city or village of such person's settlement. Within five days after any such person becomes a public charge, the board or council shall notify the county auditor, and thereupon the county board may take him in charge, or relieve him in such manner as it may see fit."

It is quite plain that the subdivision quoted, if considered as an original enactment and not a revision of prior laws, makes the expense incurred by the town a charge against the county only where the pauper has settlement in some other county, town, city or village within the state. The change from the law as it stood before is clear and significant. We are forced to the conclusion that the trial court rightly held that this change was intended by the legislature. The meaning of the revised law is free from ambiguity, and the prior laws cannot be resorted to for the purpose of creating such ambiguity nor can the fact that the report of the revision

commission discloses no intention to change the existing law. State v. Stroschein, 99 Minn. 248, 109 N. W. 235; Williams v. Reid, 130 Minn. 256, 153 N. W. 324, 593. The change in the prior law, being made in clear and unambiguous terms, must be given effect. State v. Minneapolis Milk Co. 124 Minn. 34, 144 N. W. 417, 51 L.R.A.(N.S.) 244; Swenson v. Lewiston, supra, page 145, 160 N. W. 253.

It does not seem unreasonable that the county should be liable only where it can be reimbursed by enforcing the ultimate liability of the county, town, city or village of the poor person's settlement. This may well have been the idea of the legislature in changing the existing law. It is urged that under the construction which we give to the revised law, a nonresident pauper is not entitled to any poor relief whatever from the town in which he is found, and that this result is so unreasonable that the legislature could not have intended it. This contention is not in accord with the concession of plaintiff's counsel that "primarily and in the first instance it is the duty of the town where such person becomes a public charge to furnish necessary relief to such a pauper." But we do not need to decide whether or not this is correct. The argument, even if based on a sound premise, is not sufficient to show that the legislature did not intend what the language of the law indicates it did.

Order affirmed.