## MERCHANTS NATIONAL BANK OF DETROIT v. J. B. COYLE.[1]

### October 17, 1919.

### No. 21,302.

**Bills and notes — insanity of maker of notes — recovery by payee.**

1. One who loans money to an insane person upon a promissory note without knowledge or notice of his insanity can recover upon it; and in this case the evidence sustains the finding that the plaintiff, loaning money to the defendant on his note, was without knowledge or notice of his insanity.

**Same — consideration — refusal to submit question to jury.**

2. The evidence was not such as to sustain a finding that the consideration of the note was corporate stock purchased by the defendant of the plaintiff, and the court did not err in refusing to submit such question to the jury.

[1]Reported in 174 N. W. 309.

Action in the district court for Becker county to recover $2,300 upon a promissory note. The amended answer of defendant's guardian ad litem alleged that, while defendant was insane and known to the officers of plaintiff bank to be insane, they and the promoters of the Gagnon Shoe Company induced defendant to subscribe for certain shares of stock in that company, and to induce him to subscribe the officers of plaintiff bank offered to loan defendant the sum of $2,300 to pay for the stock, and did so loan him the money in exchange for his note. The case was tried before Roeser, J., who when defendant rested denied plaintiff's motion for a directed verdict in its favor on the ground that defendant had not established a defense to plaintiff's cause of action, and a jury which returned a verdict for the amount demanded. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Patrick J. Ryan,* for appellant.

*P. F. Schroeder,* for respondent.

DIBELL, J.

Action on a promissory note. There was a verdict for the plaintiff. The defendant appeals from the order denying his motion for a new trial.

1. On December 27, 1916, the defendant borrowed $2,300 of the plaintiff and gave his promissory note due in one year. The defense is that he was insane at the time and that the plaintiff knew his condition or was charged with notice which would have led to knowledge. He had not been adjudged insane.

The court charged the jury that the defendant, to maintain his defense, must prove two things: "First, that he was at that time insane; and second, that the bank knew that or had knowledge of such facts that it should have known." And it further charged that if the facts recited in the instruction quoted were proved the plaintiff could not recover.

The instruction was correct. The insanity of one party to a contract makes it only voidable, and it cannot be avoided where the other party acted in good faith, and was without notice or knowledge of the insan-

ity, unless restoration can be made and the parties be placed in statu quo. Schaps v. Lehner, 54 Minn. 208, 55 N. W. 911; Youn v. Lamont, 56 Minn. 216, 57 N. W. 478; Scott v. Hay, 90 Minn. 304, 97 N. W. 106. And the burden of proving notice of insanity is upon the one asserting it. Schaps v. Lehner, supra.

The general verdict for the plaintiff includes a finding that it was without knowledge, and it is amply sustained by the evidence. The note being given for money loaned, the only way to put the parties in statu quo was for the defendant to pay the note. The plaintiff should therefore recover.

2. We have proceeded upon the assumption that the note was given for money loaned. The defendant claims that the note was given in payment of stock in the Gagnon Shoe Company purchased of the bank at the time and that he should be relieved of payment upon returning the stock. The court refused to submit the question whether the note was given for the stock. In this it was right. The defendant got 23 shares of the Gagnon stock on the day he borrowed the $2,300. Just how he got it is not clear. It is clear that he did not buy it of the bank and that the note was not given in purchase of it. A finding that he purchased the stock from the bank would not be permitted to stand. A recital of the evidence upon this point would serve no good purpose.

There was no error in the trial.

Order affirmed.