## A. K. CZYRSON v. ROSEAU COUNTY NATIONAL BANK OF ROSEAU.[1]

October 21, 1927.

No. 26,229.

**When contract of incompetent may be avoided on condition.**

    A contract, one of the parties to which is known by the other to be incompetent, is voidable although there has been no adjudication of the incompetency; and where the proof prevents the presumption of fraud and negatives overreaching, it is proper to require the party seeking in equity to avoid the transaction to put the other in statu quo.

Insane Persons, 32 C. J. p. 730 n. 69; p. 734 n. 56; p. 737 n. 21.

Action in the district court for Roseau county by the guardian of Axel A. Lieberg to cancel a promissory note and a chattel mortgage given to secure it. Certain issues were submitted to a jury. The court made findings and directed that plaintiff have judgment that the note and mortgage be of no effect against Lieberg provided he or his guardian should pay a stated sum to the defendant, and that if payment should not be made, then that the note and mortgage remain in force. From an order, Watts, J., denying his motion for a new trial, plaintiff appealed. Affirmed.

*M. J. Hegland* and *F. A. Grady,* for appellant.

*Robert J. Knutson,* for respondent.

[1]Reported in 216 N. W. 224.

WILSON, C. J.

Appeal from an order denying a motion for a new trial.

Axel A. Lieberg, on February 14, 1924, gave defendant his note, secured by chattel mortgage, for $446.50, of which $281.82 was used to pay taxes on his homestead and $164.20 to pay interest on a mortgage thereon. The money was furnished by defendant at the request of Lieberg's wife and son and in the belief that Lieberg consented thereto.

The jury found: (1) That Lieberg signed the note and mortgage; (2) that he did not have mental capacity to make the same; and (3) that the note and mortgage were not taken in good faith and without such knowledge on the part of defendant as would put a prudent man upon inquiry as to the mental condition of Lieberg when he signed the same.

The action is brought by Lieberg's guardian to cancel the note and mortgage. The court found Lieberg incompetent, and that defendant, under the circumstances, should have made inquiry and ascertained that fact, but held that the failure of defendant to make the inquiry did not amount to fraud.

A stroke of paralysis affecting mind and speech caused the incompetency, although at the time it had not been judicially determined and there was then no guardian.

The fact that one of the parties to a contract is incompetent although he has not been so adjudicated, does not render the contract void but only voidable; and such incompetency is no ground for setting it aside where the other party has no notice of the incompetency and derived no inequitable advantage from it, and where the parties cannot be placed in statu quo. Schaps v. Lehner, 54 Minn. 208, 55 N. W. 911; Youn v. Lamont, 56 Minn. 216, 57 N. W. 478; Morris v. G. N. Ry. Co. 67 Minn. 74, 69 N. W. 628; Scott v. Hay, 90 Minn. 304, 313, 97 N. W. 106; Merchants Nat. Bank of Detroit v. Coyle, 143 Minn. 440, 174 N. W. 309; Anno. 46 A. L. R. 419.

The finding that the bank should have made inquiry means that if it had it would have learned the truth. It stands in this transaction, therefore, charged with knowledge of the incompetency at

the time of making the loan.   But it is plain that the officers of the bank believed that the wife and son, who were with Lieberg at the time, made him understand what was to be done and that he consented to it.   The transaction was an honest one.   It was for the benefit of Lieberg.   He lost nothing.   It would be an injustice for the bank to lose its money and an unjust advantage would accrue to Lieberg.   The circumstances and established facts do away with the fraud that is deemed to result from transactions with incompetent persons when such incompetency is known.   It is the purpose of justice to protect the incompetent, not to arm him to do wrong to others.

Under the law the transaction is voidable and the guardian has chosen to have it avoided.   Seeking this equitable relief, the court observing the unconscionable result, imposed as a condition precedent that the bank should be paid the full sum which it expended for the purposes mentioned at the solicitation of the wife and son and of which Lieberg's estate received and still has the full benefit. This was proper.

Affirmed.