IN RE ESTATE OF TENNIE CRAVENS.[1]

May 10, 1929.

No. 27,283.

[1]Reported in 225 N. W. 398.

*Leslie S. High,* for appellants.
*A. A. Trost,* for respondent.

STONE, J.

The petition of Clifton Cravens for the admission to probate of an instrument purporting to be the last will and testament of his deceased sister, Tennie Cravens, was denied by the probate court of St. Louis county. Upon appeal to the district court, there was a trial which resulted in a decision reversing that of the probate court and ordering judgment for proponent sustaining the will and admitting it to probate. Oren J. Cravens and others contesting the will appeal from the order denying their alternative motion for amended findings or a new trial.

The testatrix departed this life January 2, 1928. Her will (we hold it to have been established as such) bears date of August 10, 1912. The will and attestation clause are in form as follows, italics being used to indicate what was written in longhand, the rest of the instrument being typewritten:

"LAST WILL AND TESTAMENT.

"I, *Tennie Cravens* do hereby make, publish, and declare this to be my last will and testament.

"FIRST: I appoint my brother, *Clifton Cravens,* Princeton, Minn., to be my sole executor and direct that no bond be required of him for the faithful discharge of his duty.

"SECOND: I give, devise and bequeath all the property of which I shall die possessed to my beloved brother *Clifton Cravens* of Princeton, Minn., as a small return for the home he has always kept open to me.

"IN WITNESS WHEREOF, I have hereunto set my hand and seal this *10* day of *August,* 1912.

"Signed, sealed published and declared by the above named testatrix as and for her Last Will and Testament in our presence and in

the presence of each of us who, at her request, in her presence and in the presence of each other have hereunto set our hand.

"*Carol H. Bangham*   Address   *Eveleth, Minn.*
"*Ethel Hambly* .   Address   *Eveleth, Minn.*"

The instrument may have been typewritten by the testatrix herself. It is noteworthy that whoever did the typewriting put on no line for the signature and left so little space between testimonium and attestation clauses as to indicate possibly that there was to be no signing at that place, that is, the end of the will. There is plenary proof that all the handwriting, other than the signatures of the witnesses, is that of the testatrix herself. There is ample evidence to sustain the finding that the words "Tennie Cravens" in the first line were written by the testatrix "for the purpose and with the intent of executing said will." That writing was not done in the presence of the subscribing witnesses, but they did attest and subscribe at the request of the testatrix and in her presence and that of each other; and, the finding proceeds, "said deceased told said witnesses that said will was her will." There is no question about the sufficiency of the attestation. Lott v. Lott, 174 Minn. 13, 218 N. W. 447.

The one question for decision is whether the signing of the will elsewhere than at the bottom is sufficient. The controlling statute, G. S. 1923 (2 Mason, 1927) § 8735, is:

"Every person of full age and sound mind, by his last will in writing, signed by him, or by some person in his presence and by his express direction, and attested and subscribed in his presence by two or more competent witnesses, may dispose of his estate."

It is familiar law that contracts in writing, even those required to be so under the statute of frauds, need not be subscribed in the technical sense, that is, signed at the bottom, unless a statute requires it. It is sufficient if there is a signature anywhere on the instrument shown to have been put there as a signing. Cent. Dig. Statute of Frauds, §§ 242-250; Dec. Dig. Statute of Frauds, § 115. That seems also to have been the law generally as to wills since the decision in Lemayne v. Stanley (1681) 3 Levinz, 1, 83 Eng. Reprint,

545. The rule was finally changed by statute in England to require signing "at the foot or end thereof." 7 Will. IV & 1 Vict. c. 26, § 9, amended by 15 & 16 Vict. c. 24.

Concededly, our present statute does not require signing at the bottom. Literally it permits the signature of the testatrix, if proved as such, to appear anywhere on the instrument. But resort is had to the statute as it stood before the revision of 1905. G. S. 1894, § 4426, provided that "no will * * * shall be effectual * * * unless it is in writing, and signed at the end thereof by the testator." The revision of 1905 (R. L. 1905, § 3659) dropped the words requiring signing "at the end," and nothing appears to indicate an intention to retain them. It is argued notwithstanding that a general revision of statutes is presumed merely to continue the pre-existing law unchanged unless the intention to change clearly appears. Becklin v. Becklin, 99 Minn. 307, 109 N. W. 243.

In re-enacting a statute, intention to change meaning may as clearly appear from the omission of old as by adding new language. The requirement that a will be "signed at the end thereof" in the old statute is much more specific and exacting than one merely that the instrument be signed. So when in the presence of two such long existing and conflicting notions of what should be required a statute literally requiring signing at the bottom is changed to demand literally a mere signing, we think the intention is expressed to change the law accordingly. Such marked changes are made even in a general revision and cannot be ignored. Swenson v. Lewison, 135 Minn. 145, 160 N. W. 253. Such a change, "made in clear and unambiguous terms, must be given effect." Town of Iona v. County of Todd, 135 Minn. 183, 186, 160 N. W. 669. "Prior statutes may be resorted to for the purpose of solving, but not to create, an ambiguity." State v. Stroschein, 99 Minn. 248, 251, 109 N. W. 235. The present statute being unequivocal in its requirement of a mere signing as distinguished from a signing at the bottom, we do not think it permissible to resort to a former statute to give the present language a meaning different from what it plainly expresses. See Dunnell, Minn. Pr. Law, § 188.

Order affirmed.