## HENRY KUHLMAN v. CITY OF FERGUS FALLS[1]

November 22, 1929.

No. 27,636.

*Philip R. Monson* and *Anton Thompson,* for appellant.
*Murphy & Johanson* and *Roger L. Dell,* for respondent.

WILSON, C. J.

Defendant appealed from an order striking out a portion of the answer.

On March 14, 1928, Anna Kuhlman fell on an alleged defective and negligently maintained sidewalk in the city of Fergus Falls and suffered serious injuries from which she died on June 18, 1928. Thereafter her husband became the special administrator and prosecutes this action to recover for the death from wrongful act.

Anna Kuhlman filed no notice of any claim against the city. On February 18, 1929, plaintiff served and filed a notice of claim for $7,500. He commenced this action on April 9, 1929, to recover said amount. Defendant answered. Upon plaintiff's motion the

[1]Reported in 227 N. W. 653.

court struck from the answer as frivolous the following allegations, to-wit:

"Further answering and for a further separate defense herein the defendant alleges that no notice of claim of any kind was served upon the defendant as required by Sections 1831 and 1832, General Statutes for the state of Minnesota for 1927.

"Further answering and for a further separate defense herein the defendant alleges that the cause of action sued upon in this case was not brought or commenced within one year next after the said cause of action accrued and that this action is now outlawed and barred by the Statute of Limitations as provided by Sections 1831 and 1832, General Statutes for the state of Minnesota for 1927."

G. S. 1923 (1 Mason, 1927) § 1831, provides that a person who claims damages arising out of defective walks or negligence of a city shall cause to be presented to the common council or other governing body, within 30 days after the injury, a written notice stating the time, place and circumstances thereof, and the amount of relief demanded. This section concludes:

"No action therefor shall be maintained unless such notice has been given; or if commenced within ten days thereafter, or more than one year after the occurrence of the loss or injury."

G. S. 1923 (1 Mason, 1927) § 1832, provides that § 1831 "shall also apply when the claim is one for death by wrongful act or omission, and in that case, the notice may be presented by the personal representative, surviving spouse or next of kin, * * * within one year after the alleged injury or loss resulting in such death."

This action was not commenced until the expiration of one year after the injury. Does such delay lose the right of action? We think it does. We construe § 1831 as containing three essential provisions: (1) Notice must be given; (2) the action cannot be commenced within ten days immediately after the injury; and (3) the action must be commenced within one year after the injury.

These are the "provisions" which § 1832 makes applicable when the claim is of the character contemplated by § 1831 and is "for death by wrongful act or omission." Such is the meaning of provisions in the Minneapolis charter though expressed differently. Szroka v. N. W. Bell Tel. Co. 171 Minn. 57, 213 N. W. 557, 59 A. L. R. 404. Such also was the substance of L. 1897, p. 459, c. 248.

The plaintiff points to the provisions of § 9657, which is the death by wrongful act or omission statute, requiring the action to be commenced within two years after the act or omission. This statute was in force when § 1832 was enacted. The policy of the legislature manifested by the enactment of §§ 1831 and 1832 is firmly established and clearly announced. It is to avoid delay and require vigilant action before the facts are lost or forgotten by retiring officers. Frasch v. City of New Ulm, 130 Minn. 41, 153 N. W. 121, L. R. A. 1915E, 749; Mitchell v. Village of Chisholm, 116 Minn. 323, 133 N. W. 804; Hughes v. Village of Nashwauk, 177 Minn. 547, 225 N. W. 898; Szroka v. N. W. Bell Tel. Co. 171 Minn. 57, 213 N. W. 557, 59 A. L. R. 404. It is not likely that the legislature intended to depart from such policy.

Plaintiff's case rests upon the construction of the word "thereafter" as used in the last sentence of § 1831. It was not aptly used. But we think it has reference to the time of the injury. Decedent neglected to give the 30-day notice in her lifetime. Had she lived she would have had no cause of action. But § 1832 gave plaintiff the right to serve the notice within one year after the injury. This extended up to the very moment of the expiration of the year in which the action could be commenced. This is unusual. But unusual things unavoidably happen in legislation. We see nothing that indicates that the legislature intended to limit the "provisions" of § 1831 as applicable under § 1832.

The action not having been commenced within one year of the loss or injury was barred by the statute. The defense was properly pleaded. It was not frivolous.

Reversed.