## EVAN HUGHES v. LUCY CREAN.[1]

November 29, 1929.

No. 27,617.

[1]Reported in 227 N. W. 654.

546

*Evan Hughes,* pro se.

*C. O. Dailey,* for respondent.

PER CURIAM.

Suit on a $50 promissory note, executed by defendant and another, and the defense by the guardian duly appointed and qualified that at the time the note was signed by the ward, this defendant, she was insane and unable to transact any business. The court found "that at the time of the execution of said note the said Lucy Crean was insane and of unsound mind and incompetent and incapable of transacting ordinary business." After the findings plaintiff moved for amended findings or a new trial, and appeals from the order denying the motion.

An examination of the record satisfies us that the finding quoted is amply sustained. So also is the finding that the consideration for the note was $50 loaned by plaintiff to Obrie M. Pengra, the other maker of the note, and that "plaintiff had never seen Lucy Crean and did not know her personally, and knew nothing of her mental condition, and that Lucy Crean did not receive any of the proceeds of the loan made by plaintiff to Obrie M. Pengra."

The fact that one of the parties to a contract is incompetent does not render the contract void but only voidable; "and such incompetency is no ground for setting it aside where the other party has no notice of the incompetency and derived no inequitable advantage from it, and where the parties cannot be placed in statu quo." Such is the law in this state. Czyrson v. Roseau County Nat. Bank, 172 Minn. 420, 421, 216 N. W. 224, and cases therein cited. But here the finding is in substance that as to Pengra, the one to whom the loan was made, Lucy Crean was a surety or accommodation maker. In such case there is an exception to the rule applied in Czyrson v. Roseau County Nat. Bank, 172 Minn. 420, 216 N. W. 224, and in our prior decisions, thus stated in the annotation to Sparrowhawk v. Erwin, 46 A. L. R. on p. 429: "Where the lunatic has not

received the benefit of the consideration the contract will be set aside without a return of the consideration, although it was made in good faith, before an adjudication in lunacy." Jordan v. Kirkpatrick, 251 Ill. 116, 95 N. E. 1079; Hull v. Louth, 109 Ind. 315, 10 N. E. 270, 58 Am. R. 405; Van Patton & Marks v. Beals, 46 Iowa, 62; Seaver v. Phelps, 11 Pick. 304, 22 Am. D. 642; Burke v. Allen, 29 N. H. 106, 61 Am. D. 642; Wirebach v. First Nat. Bank, 97 Pa. 543, 39 Am. R. 821. In the last cited case the court said [p. 551]:

"An accommodation maker or endorser, in fact, is a surety for the principal debtor, and when he is an infant or an insane person, he or his representatives may defend as in other forms of contract. We are not persuaded that commercial or public interests require an adjudication that a lunatic who signs a contract as surety, or as accommodation maker or endorser, is liable for the debt of another."

The defense pleaded could properly be made when the insane signer is sued upon the note in the municipal court.

The order is affirmed.

