## VIRGINIA GARBERG, TRUSTEE FOR THE SURVIVING SPOUSE AND NEXT OF KIN OF ROLLO GARBERG, v. COUNTY OF HENNEPIN AND OTHERS.

202 N. W. 2d 220.

November 10, 1972—No. 43364.

*Mahoney, Dougherty, Angell & Mahoney* and *John F. Angell*, for appellants.

*Lindquist & Vennum* and *Kurtis A. Greenley*, for respondent.

Heard before Knutson, C. J., and Otis, Peterson, and Mac-Laughlin, JJ. Reconsidered on the record by the court en banc.

MacLAUGHLIN, JUSTICE.

The issue on this appeal is whether an action against a municipality for wrongful death must be commenced within 1 year after notice, which is the limitation period provided in the notice-of-claim statute, Minn. St. 466.05, subd. 1, or within 3 years after the act or omission, which is the limitation period provided in the death-by-wrongful-act statute, § 573.02. The trial court ruled that § 573.02 applies and denied defendant's motion for summary judgment. The trial court also certified that the question is important and doubtful, and defendant appeals pursuant to § 605.09(i).

Decedent, Rollo Garberg, fell and sustained injuries on either September 27 or 28, 1968, while he was a patient at Hennepin County General Hospital. The attorneys for Garberg and his wife presented defendant County of Hennepin with written notice of claim on October 23, 1968, alleging that defendant's agents negligently left Garberg unattended while he was in a semiconscious state and that his fall was a direct result of this negligence. They included in the notice a statement that there was a serious possibility that Garberg might die as a result of his injuries sustained in the fall. Garberg died on December 22, 1969, over a year after the notice had been given. On June 1, 1970, Mrs. Garberg's attorneys served a second notice of claim, this time for wrongful death.[1] This action was commenced on August 13, 1970.

---

[1] This notice was not timely under the provisions of Minn. St. 466.05.

452

The present notice-of-claim statute, Minn. St. 466.05,[2] was enacted in 1963, replacing the previous statute, Minn. St. 1961, § 465.09. L. 1963, c. 798, §§ 5, 16. This is the first occasion we have had to consider whether the requirement of Minn. St. 466.05, subd. 1, that actions against municipalities be brought within 1 year after notice applies to wrongful-death actions brought against municipalities under § 466.05, subd. 2.

This issue of statutory construction is not wholly a matter of first impression, however, for the same issue was raised in a case involving a predecessor notice-of-claim statute, G. S. 1923, §§ 1831, 1832 (Mason St. 1927, §§ 1831, 1832).[3] Both parties

---

[2] Minn. St. 466.05 provides: "Subdivision 1. Every person who claims damages from any municipality for or on account of any loss or injury within the scope of section 466.02 shall cause to be presented to the governing body of the municipality within 30 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, and the amount of compensation or other relief demanded. Failure to state the amount of compensation or other relief demanded does not invalidate the notice; but in such case, the claimant shall furnish full information regarding the nature and extent of the injuries and damages within 15 days after demand by the municipality. No action therefor shall be maintained unless such notice has been given and unless the action is commenced within one year after such notice. The time for giving such notice does not include the time, not exceeding 90 days, during which the person injured is incapacitated by the injury from giving the notice.

"Subd. 2. When the claim is one for death by wrongful act or omission, the notice may be presented by the personal representative, surviving spouse, or next of kin, or the consular officer of the foreign country of which the deceased was a citizen, within one year after the alleged injury or loss resulting in such death; but if the person for whose death the claim is made has presented a notice that would have been sufficient had he lived, an action for wrongful death may be brought without any additional notice."

[3] G. S. 1923, § 1831, provides: "Every person who claims damages from any city, village or borough for or on account of any loss or injury sustained by reason of any defect in any bridge, street, sidewalk, road, park, ferry-boat, public works or any grounds or places whatsoever, or by reason of the negligence of any of its officers, agents, servants or

have called our attention to Kuhlman v. City of Fergus Falls, 178 Minn. 489, 227 N. W. 653 (1929), which construed §§ 1831 and 1832. In that case Anna Kuhlman fell on an allegedly defective and negligently maintained Fergus Falls sidewalk on March 14, 1928, and died about 3 months thereafter. The administrator of Mrs. Kuhlman's estate served and filed a written notice of claim within a year after the injury, which was a sufficient and timely notice under § 1832, but did not commence the action until more than a year after the injury.

Section 1832, in effect at the time of the Kuhlman case, dealt with wrongful death actions against a municipality and provided that the notice to the municipality must be presented within 1 year of the alleged injury or loss resulting in death. It further provided that "*[t]he provisions* of section [1831] shall also apply when the claim is one for death by wrongful act or omission * * *." (Italics supplied.)

Section 1831, also in effect at the time of the Kuhlman accident, provided, among other things, that a person who claimed damages from a city for an injury caused by a defective sidewalk should present a written notice of claim to the governing body of the city within 30 days after the injury and concluded that

employees, shall cause to be presented to the common council or other governing body, within thirty days after the alleged loss or injury, a written notice, stating the time, place and circumstances thereof, and the amount of compensation or other relief demanded. No action therefor shall be maintained unless such notice has been given; or if commenced within ten days thereafter, or more than one year after the occurrence of the loss or injury."

§ 1832 provides: "The provisions of section 1 shall also apply when the claim is one for death by wrongful act or omission, and in that case, the notice may be presented by the personal representative, surviving spouse or next of kin, or the consular officer of the foreign country of which the deceased was a citizen, within one year after the alleged injury or loss resulting in such death; provided, however, that if the person for whose death the claim is made, shall have duly presented within thirty days, a notice which would have been sufficient had he lived, the same shall be deemed sufficient within the terms of this act."

"[n]o action therefor shall be maintained unless such notice has been given; or if commenced within ten days thereafter, or more than one year after the occurrence of the loss or injury."

In Kuhlman we construed § 1831 as requiring that "the action must be commenced within one year after the injury." 178 Minn. 490, 227 N. W. 653.[4] We then concluded that this 1-year rule was one of "the 'provisions' which § 1832 makes applicable when the claim is of the character contemplated by § 1831 and is 'for death by wrongful act or omission.' " We continued: "We see nothing that indicates that the legislature intended to limit the 'provisions' of § 1831 as applicable under § 1832." 178 Minn. 491, 227 N. W. 654. The requirement of § 1832 that notice of claim for wrongful death be given within 1 year was satisfied. But § 1832, by referring to the provisions of § 1831, also required that the action be brought within 1 year of the injury. Since the lawsuit was not commenced within 1 year of the injury, the court held that the Kuhlman action was barred.

The successor statute to § 1832 was Minn. St. 1961, § 465.11. It contained almost identical language stating that "[t]he provisions of section 465.09 shall apply when the claim is one for death by wrongful act or omission * * *." Minn. St. 1961, § 465.09, was the successor to § 1831. It required an action for loss or injuries to a person to be commenced within one year of the notice to the municipality. The current statute concerning claims for injuries, Minn. St. 466.05, subd. 1, is the successor to § 465.09 and § 1831, and the current statute concerning wrongful death actions against municipalities, § 466.05, subd. 2, is the successor to § 465.11 and § 1832. It is significant, however, that whereas § 465.11 made specific reference to § 465.09, and § 1832 made specific reference to § 1831, the legislature omitted in subd. 2 of the present § 466.05 any reference to subd. 1. Section 466.05, subd. 2, reads, in part, as follows:

---

[4] Minn. St. 466.05, subd. 1, requires the action to be commenced within 1 year after the notice.

"When the claim is one for death by wrongful act or omission, the notice may be presented by the personal representative, surviving spouse, or next of kin * * * within one year after the alleged injury or loss resulting in such death; but if the person for whose death the claim is made has presented a notice that would have been sufficient had he lived, an action for wrongful death may be brought without any additional notice."

Minn. St. 466.05, subd. 2, does *not* contain the phrase, "The provisions of [§ 466.05, subd. 1] shall also apply when the claim is one for death by wrongful act or omission." The words omitted are precisely those relied upon in arriving at the decision in the Kuhlman case. As we stated in In re Estate of Cravens, 177 Minn. 437, 440, 225 N. W. 398, 399 (1929), where the effect of the omission of certain language in a statutory revision was in issue, "intention to change meaning may as clearly appear from the omission of old as by adding new language." We hold that the omission of the phrase quoted above clearly evidences the intent of the legislature that the period of limitation for commencement of an action against a municipality for wrongful death under § 466.05, subd. 2, is not to be controlled by § 466.05, subd. 1, but rather is to be controlled by the general death-by-wrongful-act statute, § 573.02. Section 573.02 created the right to bring an action for wrongful death in Minnesota, and requires that the action must be commenced within 3 years after the act or omission causing the death.

In our judgment, if the legislature had intended a 1-year-after-notice period of limitation for the commencement of this action, they would not have changed the statute as they did, and, in all likelihood, they would have stated a period of limitation in express terms as they stated the 3-year limitation period in the general death-by-wrongful-act statute. Regardless of possible harsh consequences, we are bound to enforce the 3-year period because it is expressly stated. On the other hand, because of the absence of such expression in § 466.05, subd. 2, it would be an unreasonable interpretation to hold that an action for wrongful

death against a municipality pursuant to § 466.05, subd. 2, must be commenced within 1 year of notice when the death has not yet occurred at that time and when the general death-by-wrongful-act statute provides for a 3-year period in which to commence such an action.

Our interpretation of the statute, which must of necessity involve the significance of the changes made therein by the legislature, compels us to conclude that § 573.02 contains the applicable period of limitation for actions for death by wrongful act or omission commenced under § 466.05, subd. 2.

Affirmed.