PICKARD MOTOR CO., a Minnesota corporation, Appellee,

v.

CHRYSLER MOTORS CORPORATION, a Delaware corporation, Appellant.

No. 90–5143MN.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 14, 1990.

Decided Aug. 1, 1991.

Rehearing and Rehearing en banc Denied Sept. 17, 1991.

Mark D. Savin, Minneapolis, Minn., argued, for appellant, Duane W. Krohnke, Minneapolis, Minn., on the brief.

J. Michael Dady, Minneapolis, Minn., argued, for appellee, Joseph A. Thomson, Minneapolis, Minn., on the brief.

Before McMILLIAN and FAGG, Circuit Judges, and ARNOLD,* District Judge.

PER CURIAM.

Pickard Motor Company (Pickard) brought this action against Chrysler Motors Corporation (Chrysler) after Chrysler terminated Pickard's automobile dealership for inadequate sales performance. Pickard sought compensation from Chrysler under section 80E.09(e) of the Minnesota Statutes for the fair rental value of Pickard's dealership facilities. Minn.Stat. § 80E.09(e) (1990). The district court held section 80E.09(e) requires Chrysler to pay Pickard one year's fair rental value, even though Pickard owns and continues to occupy and use the facilities for the sale of used cars. Chrysler appeals contending the district court misinterpreted section 80E.09(e). We agree and reverse.

In 1976 Chrysler and Pickard entered into two "Direct Dealer Agreements" (agreements) under which Pickard agreed to sell automobiles manufactured and supplied by Chrysler. The agreements provided that on termination of the agreements, Chrysler would assist Pickard "in effecting an orderly and equitable disposition of [Pickard's facilities] by a sale or lease." If necessary, Chrysler agreed to "lease [Pickard's facilities] for at lease one year or purchase the [facilities], ... on fair and equitable terms." The parties do not dispute the terms or meaning of the agreements. Rather, the question presented in this case is whether later-enacted Minnesota legislation requires Chrysler to compensate Pickard in a manner contrary to the agreements.

After Chrysler and Pickard entered into the agreements, Minnesota enacted chapter 80E of the Minnesota Statutes regulating the distribution and sale of motor vehicles. See Minn.Stat. §§ 80E.01–.18 (1990). Chapter 80E also governs the termination of motor vehicle franchises. See id. §§ 80E.06–.09. Specifically, section 80E.09(e) requires that manufacturers pay dealers "[a] sum equal to the current fair rental value of the dealership facilities for a period of one year from the effective date of the termination, ... or the remainder of the term of the lease, whichever is less." Having reviewed de novo the district court's determination of state law, *Salve Regina College v. Russell,* —— U.S. ——, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991), we conclude the district court misinterpreted section 80E.09(e). In our view, section 80E.09(e) does not apply when, as here, the dealership facilities are owned rather than leased by the dealer.

Under Minnesota law, it is a "maxim of statutory construction that a statute is to be construed, if possible, so that no word, phrase, or sentence is superfluous, void, or insignificant." *Duluth Firemen's Relief Ass'n v. City of Duluth,* 361 N.W.2d 381, 385 (Minn.1985). Applying this maxim to the circumstances of this case, the interpretation of section 80E.09(e) presented by Pickard and adopted by the district court cannot stand. Section 80E.09(e) requires manufacturers to pay dealers the fair rental value of the dealership facilities for one year following termination, or the remainder of the lease, whichever is less. To give effect to the full language of the statute, the facilities' fair rental value for one year must be compared against the amount remaining due under the dealer's lease. In situations involving dealer-owned facilities, however, there is no remaining term of a lease to use in the statutory equation. Thus, we do not believe section 80E.09(e) reasonably can be read to apply when a dealer owns its facilities.

Our reading of section 80E.09 is supported by the statute's history. Under section 80E.09 as originally enacted, Pickard would have recovered the compensation it now seeks. *See* Minn.Stat. § 80E.09 (Supp. 1981). The original version of section 80E.09 included specific compensation provisions for terminated dealers who owned their facilities: the manufacturer was re-

---

* The HONORABLE MORRIS S. ARNOLD, United States District Judge for the Western District of Arkansas, sitting by designation.

quired either to pay reasonable compensation for dealer-owned facilities, *id.* § 80E.09(e), or, if the termination was for inadequate performance, to pay the dealer the equivalent of the facilities' reasonable rental value for one year, *id.* § 80E.09(f). If a dealer leased its facilities, the 1981 version of section 80E.09 required the manufacturer to pay the dealer one year's rental payments or the remaining payments due under the lease, whichever was less. *Id.* § 80E.09(e).

In 1982, however, the Minnesota legislature amended section 80E.09, omitting the language referring to payments for dealer-owned facilities while leaving the language requiring manufacturers to compensate dealers who lease their facilities essentially unchanged. *See* Minn.Stat. § 80E.09(e) (1982). Under Minnesota law, " 'intention to change meaning [of a statute] may as clearly appear from the omission of old as by adding new language.' " *Garberg v. Hennepin County,* 294 Minn. 450, 202 N.W.2d 220, 223 (1972) (quoted case omitted). Had the Minnesota legislature intended the amended version of section 80E.09(e) to apply to dealer-owned facilities, we believe the legislature would have retained some semblance of the language specifically addressing those dealers. The omission of that language combined with our reading of the current statute convinces us section 80E.09(e) does not apply to dealer-owned facilities. Thus, the district court erroneously applied section 80E.09(e) to Chrysler and Pickard.

Accordingly, we reverse.