STATE EX REL. TOM BERGIN v. BETTY W. WASHBURN.[1]

June 27, 1947.

No. 34,510.

---

[1]Reported in 28 N. W. (2d) 652.

*Sidney S. Feinberg,* for relator.
*Charles F. Noonan* and *William L. Prosser,* for respondent.

JULIUS J. OLSON, JUSTICE.

The court commissioner of Hennepin county died May 14, 1947, thereby creating a vacancy in that office. On May 19, the judges of the district court of that county appointed respondent, Betty W. Washburn, to fill the vacancy. On May 20, the board of county commissioners appointed relator, Tom Bergin. Each appointee promptly qualified by filing with the register of deeds the official bond and oath of office, and each claims to be entitled to fill the vacancy. Therefore, the question is which body had the authority to make the appointment.

Relator claims that L. 1913, c. 458, as amended by L. 1915, c. 168, Minn. St. 1941, §§ 382.01 and 382.02, is controlling, while respondent asserts that M. S. A. 1945, § 489.05, is determinative. That section reads:

"When a vacancy occurs in the office of court commissioner, the judge of the district court of the county shall appoint some competent person to fill such vacancy, who shall give the bond and take the oath by law required, and shall hold his office until the next general election, and until his successor qualifies."

The 1913 act was by its title and terms one "to fix the terms of certain county officers." The offices of clerk of court and court commissioner were not included. The term of office of each of the enumerated officers was to be for four years after the election of 1914, "and said offices shall be filled by election every four years thereafter." Inconsistent acts were repealed. The 1915 act was by its title and context "An Act to amend Chapter 458 General Laws of Minnesota for 1913, entitled 'An Act to fix the terms of certain county officers.' " Section 1 provided that at the general election to be held that year all present county officers, including *"clerk of the district court"* and *"court commissioner,"* should be elected that year. The names of the offices italicized were added by the amendment. Section 2 provided that present officials were to hold their offices until 1919 and that their official terms of office "shall be four (4) years and until their successors are elected and qualified, and shall begin on the first Monday in January next succeeding said election, and said offices shall be filled by election every four (4) years thereafter." Section 3 gave to the county board power to fill vacancies, and "Any person now holding any one of the said offices, whether by election or appointment, shall continue in such office until the first Monday in January A. D. 1919, and any appointment made to fill a vacancy in any of the said offices shall be for the balance of such entire term. *All appointments under the provisions of this act, shall be made by the county board."* (Italics in act.) By § 4, inconsistent acts were repealed. Minn. St. 1941, § 382.01, provided that the county officers included in the 1915 act, including the court commissioner, should be elected at the general election in 1918; that their respective terms of office were to begin on the first Monday in January next succeeding their election; and that the "offices shall be filled by election every four years thereafter." Section 382.02 gave to the county board authority to fill vacancies by appointment. "Any appointment made to fill a vacancy in any of the offices named in section 382.01 shall be for the balance of such entire term, and be made by the county board." Finally, the legislature in 1945 reënacted these sections, but omitted the clerk

of the district court and the court commissioner from the other county offices, so that the power of the county board to fill vacancies was limited to such other offices. These are the sections that have brought the present controversy before us.

It will be noted that the latest enactment in 1945 contains not a word about appointment to fill the vacancy in the office of court commissioner. In fact, the *court commissioner* is not even mentioned, nor is the clerk of the district court. The only provision as to such appointment is § 489.05, heretofore quoted, which respondent claims fully and unqualifiedly sustains her contention. Also to be noted is the fact that when M. S. A. 1945 was adopted the legislature changed Minn. St. 1941, § 382.01, so as to eliminate therefrom the offices of clerk of the district court and court commissioner. As to these offices, the county board no longer has authority to fill vacancies if the statutes of 1945 are to be given effect. When the legislature reached § 489.05, it included and reënacted the previous law without change.

■ As in Wenger v. Wenger, 200 Minn. 436, 274 N. W. 517, relator's position is that a revision of an existing statute is presumed not to change its meaning, even if there be alterations in the phraseology, unless such intention to change the law clearly appears from the language of the revised statute. We recognized that rule in the Wenger case. However, we there concluded that the intention to change clearly appeared, and in so doing we quoted from In re Estate of Cravens, 177 Minn. 437, 440, 225 N. W. 398, 399, as follows:

■ "In re-enacting a statute, intention to change meaning may as clearly appear from the omission of old as by adding new language."

This seems particularly apropos here, since the 1913 law had for its purpose the increase of the length of term of certain named county officers from two to four years. As amended in 1915, the act was made applicable also to the clerk of the district court and the court commissioner. The power to appoint officers to these positions was given to the county board, but it will be observed that such *"appoint-*

*ments* [were to be] *under the provisions of this act,"* and no more. So the obvious purpose remained as it was, *i. e.,* to fix terms of office at four years as to all named county offices in respect to elections to be later held. Both acts related to elections so as to make the four-year term applicable to all the offices listed in these acts.

Relator cites and relies upon State ex rel. Evens v. Borgen, 189 Minn. 216, 248 N. W. 744, 249 N. W. 183, claiming that it "is controlling and decisive of the issue herein." That case was a proceeding in mandamus to compel respondents, the county auditor and the canvassing board of St. Louis county, to canvass certain sticker votes alleged to have been cast for relator at the 1932 election for the office of sheriff of that county and to declare him elected to that office. The trial court, on respondents' motion to quash the writ on the ground that the facts alleged did not state a cause of action, granted the motion, and the appeal to this court followed. In disposing of the case here, we quoted L. 1913, c. 458, in full, and concluded (189 Minn. 218, 248 N. W. 745) :

"It is too clear for argument that by the last clause of § 2 the only general elections at which votes can be lawfully cast for any of the county officers named in § 1 are those occurring at each four-year interval counting from the general election in November, 1914."

That was the reason for our holding (189 Minn. 222, 248 N. W. 746) :

"* * * There was no vacancy in the sheriff's office of St. Louis county to be filled at the November, 1932, general election, and at that election no votes for that office could be cast lawfully; hence defendants rightly refused to canvass the sticker votes wrongfully cast."

■ There can be no doubt that the question before us lies wholly in the legislative field. What the legislature has authority to enact it obviously has like authority to amend or even to repeal. The facts have been recited. M. S. A. 1945, §§ 382.01 and 382.02, omits and eliminates the office of court commissioner. Section 489.05 was reënacted in 1945 when our revised statutes were adopted. See, "An Act Providing that the compilation and revision of general statutes

of the state of Minnesota of a general and permanent nature," etc., approved March 8, 1945, quoted in Preface to M. S. A. 1945, p. 5. Section 1, subd. 1, of the act provides:

■ "The compilation and revision of the general statutes of the state of Minnesota of a general and permanent nature, prepared by the revisor of statutes under the provisions of Laws 1943, Chapter 545, and filed in the office of the secretary of state on December 28, 1944, is hereby adopted and enacted as the 'Minnesota Revised Statutes.' "

Thus, the change is one of legislative sanction and action. The statute thus *"adopted and enacted* as the 'Minnesota Revised Statutes' " (italics supplied) must be given effect as "the latest expression of the legislative will."[2]

■ The change is a part of the legislative process. We may only apply the law as the legislature has enacted it, and we are only giving effect to the change as the language chosen and used by the legislature made the change. The language is clear and unambiguous, and, as such, there is no room for construction or interpretation. 2 Dunnell, Dig. & Supp. § 1817, and cases there cited. Our latest case is that of Pierce v. Grand Army of the Republic, 224 Minn. 248, 28 N. W. (2d) 637.

We are of the opinion, and so hold, that respondent is the duly appointed court commissioner of Hennepin county.

Writ discharged.

MR. JUSTICE THOMAS GALLAGHER took no part in the consideration or decision of this case.

---

[2]State ex rel. Mergens v. Babcock, 175 Minn. 583, 585, 222 N. W. 285, 286. Cf. 6 Dunnell, Dig. & Supp. § 8927, and cases under notes 20 and 21; M. S. A. § 645.39.