# NICHOLAS J. WELSCHER AND OTHERS v. OLE A. MYHRE AND OTHERS.[1]

April 21, 1950.

No. 35,105.

[1]Reported in 42 N. W. (2d) 311.

*L. L. Roerkohl,* County Attorney, for appellants.
*Duxbury & Duxbury,* for respondents.

MATSON, JUSTICE.

Appeal from a judgment directing the commissioners of Houston county to consider on its merits a petition for the laying out and establishment of a county road.

Certain freeholders petitioned the board of county commissioners for the establishment of a county road which at its point of commencement in Mayville township connected with state aid road No. 5 and thence proceeded in a southerly direction to its terminus at a farm in adjoining Winnebago township. The proposed road has no connection with any other road than state aid road No. 5. The county board refused to consider the petition, on the ground that the statute gave it no power to establish a new county road which, though passing into more than one town, does not connect with an existing road at both ends. Upon appeal to the district court, the board of commissioners was adjudged to have jurisdiction to establish said road and was ordered and directed to hear the petition on its merits. Defendants are members of said board of county commissioners.

Whether or not a board of county commissioners has the power to establish a new county road which, though running into more than one town, is not a connecting link between two existing roads, depends upon the construction of M. S. A. 162.21, subd. 4, prior to amendment by L. 1949, c. 284, § 1, which, *except as to the matter in brackets,* reads as follows:

"When 24 freeholders of any county petition the county board for the establishment, alteration, or vacation [of any road or] *of any roads which connect with each other* [1] *running into more than one town,* or [2] partly in one or more towns and partly on the line between one or more towns, or [3] on the line between two or more towns, in such county, or [4] along the shore of any lake wholly or partly in such county, or [5] which *constitutes*

a connecting link between an established highway and any public park, ground, or monument, or [6] into a town or towns and the unplatted part of any village or villages therein, *such road or roads* not being within a city, or [7] any road wholly within a town, which constitutes a direct connecting link with two or more roads, whether the same be previously connected or not, in the towns adjoining the town in which such road is or is to be located, * * *." (Italics and numbers supplied. Matter in brackets, namely, the words "of any road or," was omitted in carrying 1 Mason St. 1927, § 2582, subd. 4, first into Minn. St. 1941 and finally into Minn. St. 1945, § 162.21, subd. 4.)

The revisor of statutes, as part of his duties of statutory revision as set forth in L. 1939, c. 442, changed the wording of Mason St. 1927, § 2582, subd. 4, by deleting therefrom the words "of any road or" when such statute was incorporated into Minn. St. 1941, as § 162.21, subd. 4. Subsequently, the legislature (L. 1943, c. 545, § 1, subd. 2) directed the revisor to examine all provisions of Minn. St. 1941 to see that they set forth correctly and completely the enacted laws from which they were derived, and (§ 2, subd. 1) to "make such changes in language and arrangement as he deems necessary to consolidate, clarify, simplify, and codify the statutes, and to express and give effect to the intent of the Legislature in respect of the laws embraced therein." This was done as part of the preparation for a revised codification of all general laws of the state. After the work of general codification had been completed and a copy thereof had been filed with the secretary of state, the legislature on March 8, 1945, adopted and enacted such codification as the "Minnesota Revised Statutes," and by the act of adoption specifically provided:

"Sec. 3. The laws contained and compiled in 'Minnesota Revised Statutes' *are to be construed as continuations of the acts from which compiled and derived and not as new enactments.*"[2] (Italics supplied.)

---

[2]See, 1 Minn. St. 1945, p. 5, and 3 M. S. A. p. III.

As a result of the foregoing revision, we have the present wording of the statute (§ 162.21, subd. 4) without the retention of the words "of any road or."

In State v. Stroschein, 99 Minn. 248, 250, 109 N. W. 235, we said:

"* * * The rules for the interpretation of revised statutes or codes resolve themselves into one inquiry, applicable alike to the construction of all legislative enactments, viz., the legislative intent. If the language of the revised statutes be plain and free from doubt, the will of the lawmakers must be ascertained therefrom, unaided by prior statutes on the subject. If of doubtful meaning or import, or susceptible of two constructions, the prior statutes, of which the new is the revision, may be resorted to for the purpose of rendering the new clear. Or, as expressed by the supreme court of the United States, prior statutes may be resorted to for the purpose of solving, but not to create, an ambiguity. Hamilton v. Rathbone, 175 U. S. 414, 20 Sup. Ct. 155, 44 L. Ed. 219."

In subsequent decisions, we have not departed from the rule of State v. Stroschein, *supra*. Needless to say, what the legislature has authority to enact it obviously has like authority to amend or even to repeal. In reënacting a statute, *intention to change meaning may as clearly appear from the omission of old as by adding new language*. In re Estate of Cravens, 177 Minn. 437, 225 N. W. 398; Wenger v. Wenger, 200 Minn. 436, 274 N. W. 517; State ex rel. Bergin v. Washburn, 224 Minn. 269, 28 N. W. (2d) 652. In the instant case, we are not concerned with the addition of any new phraseology, but only with the omission of certain words found in the prior statute. If the statutory language remaining after such omission is clear and unambiguous in its expression of legislative intent, there is then no room for construction or interpretation and no reference may be made to prior enactments. State ex rel. Bergin v. Washburn, *supra;* 2 Dunnell, Dig. & Supp. § 1817. Prior statutes may be resorted to only for

the purpose of solving, and not for the purpose of creating, an ambiguity.

Before applying these principles, we must ascertain whether § 162.21, subd. 4, is clear and unambiguous in its present form. What is the meaning of the statutory wording "the establishment, * *· * of any roads which connect with each other running into more than one town"? Defendants contend that this plainly requires that before a county road can be established it must be a connecting link between two existing roads as well as one running into more than one township. Taking the words as they are, without giving them support from the crutches of construction, we have anything but clarity. The statute refers only to *roads* which are to be established. The statutory language could not possibly refer to a *single road,* even though it happens to be a connecting link between two other roads. A *road,* using the term in the singular, is not the equivalent of *roads* as used in the statute, unless we resort to construction. The statute speaks only of the establishment of *roads.* If we resort to a little common-sense construction and hold that the plural includes the singular (M. S. A. 645.08[2]), then we are faced with the undeniable fact that a *single* road "cannot connect with each other." The statute as it now reads can only apply to two or more roads, each of which is to be dedicated, and both of which are *connected with each other,* and, as connected, run into more than one town. It would then be immaterial—as far as statutory language is concerned—whether such roads so established and connected would or would not constitute a connecting link between other roads. Any two *connecting* roads running into more than one town would suffice. If, on the other hand, we assume that the term "roads" refers to the *road* proposed to be established and also to some other road or roads with which it may connect, how, except by a process of foot-loose construction, are we to derive therefrom a meaning that the road to be established must have a connection with another road at each end? Do we not have *connecting* roads where there is a connection only at one end? In the instant case, the

proposed road and state aid road No. 5 are connected and together constitute *roads* which run into more than one town. The statutory language in its revised and present form is subject to a variety of interpretations; instead of being clear and unambiguous, it is the very opposite thereof and provides more than ample justification for resorting to the prior statute to discover the legislative intent.

■ It becomes clear that the statute as now written falls short of expressing what the legislature intended when we consider the statute as a whole. It is divided by the disjunctive conjunction *or* into a series of different classifications to indicate a specified variety of circumstances governing the establishment of county roads. Webster's New International Dictionary (2 ed.) 1947, says of the word *or*:

"* * * It often connects a series of words or propositions, presenting a choice of either; * * *."

For convenience of discussion, we have inserted numbers in the statute to indicate the various factual classifications to which the road-establishing power is applicable. If we apply the present language in connection with division 5, we have an ungrammatical combination which reads: "* * * the establishment, * * * of any roads which connect with each other * * * which *constitutes* a connecting link between an established highway and any public park, * * *." The word *constitutes* bespeaks the singular of the noun *road*. A similar ungrammatical misjoinder—with no other choice offered—is presented with respect to division 6, wherein we find the phrase "such road or roads not being within a city." Words and phrases are to be construed according to rules of grammar and according to their common and approved usage, unless to do so involves a construction inconsistent with the manifest legislative intent. By applying the rules of grammar, we are not here bringing about a conflict with any manifest legislative intent, but, on the contrary, we are thereby disclosing that the legislature manifestly intended something not fully expressed by the revisor's language. It would be absurd to ascribe to the leg-

islature an intent to produce the ungrammatical hodgepodge which results when the first part of the statute is related to its factual classifications.

Clarity and freedom from ambiguity cannot be attributed to the statute as now worded. Its meaning is doubtful. It is subject to more than one interpretation, and not one of these interpretations fits harmoniously into any reasonable pattern of legislative intent when the statute is taken as a whole. As a means of solving the ambiguity, it becomes both necessary and proper to resort to the prior statute from which the new enactment was derived. In fact, the legislature has recognized that in certain instances construction, by reference to prior statute, might become necessary, and therefore, in the act adopting the revised statutory codification, it expressly provided that the statutes as revised "are to be construed as continuations of the acts from which compiled and derived and not as new enactments."[3] As already noted, the words "of any road or" which are found in the statute of derivation (1 Mason St. 1927, § 2582, subd. 4) were omitted in the process of revision. When these words are inserted in the revised statute (§ 162.21, subd. 4), it becomes at once apparent that their omission was wholly inadvertent and in contravention of the true legislative intent. (See, § 162.21, subd. 4, as hereinbefore quoted with omitted words in brackets.) The present statutory section should therefore be construed to authorize the county board to consider on the merits a petition "for the establishment, * * * of *any road or of any roads* which connect with each other running into more than one town, or * * *." In so construing § 162.21, subd. 4, it becomes clear that the petition of the freeholders should have been considered on the merits and that the trial court's judgment should be affirmed.

Although it is not necessary to consider the earlier legislative history by going beyond 1 Mason St. 1927, § 2582, subd. 4, we have by no means overlooked the discussion thereof. In our opinion,

---

[3]See footnote 2, *supra.*

40

the trial court's interpretation of the earlier acts is sound and is in keeping with our holding herein.

The judgment of the trial court is affirmed.

Affirmed.

---

[1]Reported in 42 N. W. (2d) 393.