STATE OF MINNESOTA

IN SUPREME COURT

A24-0106

Court of Appeals                                                    McKeig, J.

Lee Michael Scheurer,

              Appellant/Cross-Respondent,

vs.                                                    Filed:  August 13, 2025
                                                       Office of Appellate Courts
Douglas Shrewsbury as Special Administrator
for the Estate of Ann Maland, Deceased,

              Respondent/Cross-Appellant.

_____

Courtney A. Lawrence, Matthew J. Barber, Schwebel Goetz & Sieben, P.A., Minneapolis, Minnesota, for appellant/cross-respondent.

Kay Nord Hunt, Michelle K. Kuhl, Lommen Abdo, P.A., Minneapolis, Minnesota; and

Steven P. Pope, David M. Werwie & Associates, Saint Paul, Minnesota, for respondent/cross-appellant.

Taylor Brandt Cunningham, Bolt Law Firm, Anoka, Minnesota, for amicus curiae Minnesota Association for Justice.

Dyan J. Ebert, Cally Kjellberg-Nelson, Quinlivan & Hughes, P.A., Saint Cloud, Minnesota, for amicus curiae Minnesota Defense Lawyers Association.

_____

S Y L L A B U S

1.     For purposes of recovering preverdict interest, serving a written offer of settlement does not negate the requirement in Minnesota Statutes section 549.09,

1

subdivision 1(b) (2024), that an "action must be commenced within two years of a written notice of claim for interest to begin to accrue from the time of the notice of claim."

2. Under Minnesota Statutes section 549.09, subdivision 1(b) (2024), the prevailing party is entitled to preverdict interest on the judgment, which does not include collateral sources deducted from the jury verdict.

Affirmed in part, reversed in part.

O P I N I O N

MCKEIG, Justice.

This case presents two issues of statutory interpretation arising from the statute governing preverdict interest, Minnesota Statutes section 549.09, subdivision 1(b) (2024). The first issue, which we refer to as "the accrual issue," is whether a two-year commencement requirement applies when a party serves a written offer of settlement. This issue stems from the provision of Minnesota Statutes section 549.09, subdivision 1(b), which states that for preverdict interest to begin accruing from the time a party serves its notice of claim, "[t]he action must be commenced within two years of a written notice of claim." The second issue, which we refer to as "the calculation issue," is whether preverdict interest is calculated based on the amount of damages awarded by the jury before accounting for amounts the plaintiff received from collateral sources or on the judgment after accounting for such payments. This issue stems from a different part of Minnesota Statutes section 549.09, subdivision 1(b), which provides that when a party "serves a written offer of settlement," the "prevailing party shall receive [preverdict] interest on any judgment or award."

2

For the reasons that follow, we affirm the court of appeals on the first issue and hold that serving a written offer of settlement does not negate the requirement in Minnesota Statutes section 549.09, subdivision 1(b), that an "action must be commenced within two years of a written notice of claim for interest to begin to accrue from the time of the notice of claim." But we reverse the court of appeals on the second issue and hold that the prevailing party's entitlement to preverdict interest on the judgment under Minnesota Statutes section 549.09, subdivision 1(b), does not include collateral sources deducted from the jury verdict.

**FACTS**

In January 2017, Lee Scheurer and Ann Maland were involved in a car accident. Scheurer was injured in the accident. The parties agreed that Maland's negligence caused the accident. On September 27, 2017, Scheurer submitted a written notice of claim to Maland's insurer. Scheurer offered to settle the claim in July 2020, but the parties disputed the extent of Scheurer's damages.[1] Scheurer commenced a negligence action against Maland on November 28, 2020. When Maland died on July 21, 2022, the district court appointed a special administrator, respondent/cross-appellant Douglas Shrewsbury, to represent Maland's estate (the Estate).

The matter proceeded to a jury trial on damages. On August 24, 2023, the jury rendered a verdict, awarding Scheurer a total of $292,340 in compensatory damages, which

---

[1] On July 14, 2022, Scheurer served Maland with a Rule 68 total obligation offer for $250,000. In July 2023, Maland's counsel served Scheurer with a Rule 68 total obligation offer for $25,000.

included $165,984 for past medical expenses; $51,356 for past wage loss; and $75,000 for past pain, disability, and emotional distress.

Following the jury verdict, the Estate moved for determination of collateral sources and reduction of the damage award. *See* Minn. Stat. § 548.251 (2024) (defining "collateral sources" to include payments pursuant to "health, accident and sickness, or automobile accident insurance or liability insurance that provides health benefits or income disability coverage"). The district court reduced the $165,984 jury verdict for past medical expenses to $88,275 and reduced the $51,356 jury verdict for past wage loss to $31,356.[2] The district court affirmed the jury verdict of $75,000 for past pain, disability, and emotional distress without modification. The determination of collateral sources reduced the total jury verdict from $292,340 to $194,631. Neither party has challenged the amount of collateral source reductions.

Scheurer filed a post-verdict motion for costs and disbursements, preverdict interest, and postverdict-prejudgment interest, and it is his motion for preverdict interest under Minnesota Statutes section 549.09, subdivision 1(b), that is at issue here. Scheurer argued that preverdict interest began accruing on the date he served his notice of claim (the accrual issue) and that preverdict interest should be calculated on the $292,340 total jury verdict, before the collateral source reductions (the calculation issue). The Estate responded that preverdict interest did not begin to accrue until Scheurer commenced the action because he

---

[2]     Although the district court and the court of appeals do not note the source of these collateral payments, the record demonstrates that they were largely payments from insurance companies made on behalf of Scheurer.

4

did not commence the action within two years of serving his written notice of claim. The Estate further responded that preverdict interest should be calculated on the $194,631 net jury verdict, after the collateral source reductions.

The district court resolved both the accrual issue and the calculation issue in favor of the Estate. First, the district court determined that preverdict interest began to accrue on the date Scheurer commenced the action, November 28, 2020. The district court reasoned that the date of commencement was controlling under Minnesota Statutes section 549.09, subd. 1(b), because Scheurer had not begun the action within two years of serving the notice of claim. Second, the district court determined that Minnesota Statutes section 549.09 requires courts to calculate preverdict interest by using the judgment amount as the principal, which occurs after collateral source payments are deducted from the jury award. Accordingly, the district court calculated preverdict interest on the adjusted total verdict of $194,631, at a rate of 10 percent under Minn. Stat. § 549.09, subd. 1(c)(2) (2024). The district court therefore granted Scheurer $53,320.00 in preverdict interest.

Scheurer appealed both the accrual and calculation issues. The court of appeals affirmed the district court's decision on the accrual issue but reversed on the calculation issue. *Scheurer v. Shrewsbury*, 11 N.W.3d 832, 840 (Minn. App. 2024). Specifically, the court of appeals concluded that the district court did not err when it determined that "preverdict interest accrues . . . from the time of the notice of claim only if the action is commenced within two years, regardless of whether there was a settlement offer." *Id.* Regarding the calculation issue, the court of appeals held that "a district court must

5

calculate preverdict interest on jury verdicts for past medical expenses and past wage loss before reducing the jury award by collateral-source payments." *Id.* at 834.

Both parties filed petitions for review. Scheurer requested review of the accrual issue, and the Estate requested review of the calculation issue. We granted review on both issues.

**ANALYSIS**

To decide the issues presented here, we must interpret and apply the statute governing the accrual and calculation of preverdict interest—Minnesota Statutes section 549.09. We review issues of statutory interpretation de novo. *Poehler v. Cincinnati Ins. Co.*, 899 N.W.2d 135, 139 (Minn. 2017). The goal of statutory interpretation is to "ascertain and effectuate the intention of the legislature." *State v. Beganovic*, 991 N.W.2d 638, 643 (Minn. 2023) (quoting Minn. Stat. § 645.16 (2022)). When interpreting a statute, we first determine whether the language is ambiguous, that is, whether there is more than one reasonable interpretation of the text. *In re Est. of Ecklund*, 20 N.W.3d 351, 354 (Minn. 2025). If a statute is unambiguous, the court enforces the plain meaning. *Id.* "If, however, there is more than one reasonable interpretation, then the statute is considered ambiguous and we may apply additional canons of construction to determine its meaning." *Id*.

I.

We first address the accrual issue. Scheurer challenges the court of appeals' conclusion that preverdict interest did not begin accruing until he commenced his

6

negligence action. *Scheurer*,11 N.W.3d at 840. He contends that preverdict interest began accruing when he served his notice of claim.

We begin with the text of the statute. *See Ecklund*, 20 N.W.3d at 355. Minnesota Statutes section 549.09, subdivision 1(b), provides generally that preverdict interest on pecuniary damages is computed "from the time of the commencement of the action . . . or the time of a written notice of claim, whichever occurs first . . . ." The statute specifies, however, that "for interest to begin to accrue from the time of the notice of claim," the plaintiff must commence the action "within two years of a written notice of claim." *Id.* For purposes of this analysis, we refer to this provision as the "two-year commencement requirement." Under the two-year commencement requirement, if the plaintiff did not commence the action within two years of serving a written notice of claim, preverdict interest does not begin to accrue until the time of the commencement of the action. Minn. Stat. § 549.09, subd. 1(b).

Scheurer argues that a different rule applies when either party serves a written offer of settlement, citing another provision in the same statute that we have described as the "offer-counteroffer provision." *Hodder v. Goodyear Tire & Rubber Co.*, 426 N.W.2d 826, 839 (Minn. 1988). The offer-counteroffer provision addresses the timing and calculation of preverdict interest when either party serves a written offer of settlement:

> If either party serves a written offer of settlement, the other party may serve a written acceptance or a written counteroffer within 30 days. After that time, interest on the judgment or award shall be calculated by the judge or arbitrator in the following manner. *The prevailing party shall receive interest on any judgment or award from the time of commencement of the action or a demand for arbitration, or the time of a written notice of claim, or as to special damages from the time when special damages were incurred,*

7

*if later, until the time of verdict, award, or report only if the amount of its offer is closer to the judgment or award than the amount of the opposing party's offer.* If the amount of the losing party's offer was closer to the judgment or award than the prevailing party's offer, the prevailing party shall receive interest only on the amount of the settlement offer or the judgment or award, whichever is less, and only from the time of commencement of the action or a demand for arbitration, or the time of a written notice of claim, or as to special damages from when the special damages were incurred, if later, until the time the settlement offer was made.

Minn. Stat. § 549.09, subd. 1(b) (emphasis added).

The parties do not dispute that Scheurer was the prevailing party. Nor do they dispute that the amount of his settlement offer was closer to the judgment. Instead, the parties dispute whether the two-year commencement requirement—the requirement that the "action must be commenced within two years of a written notice of claim for interest to begin to accrue from the time of the notice of claim," Minn. Stat. § 549.09, subd. 1(b)—applies when a party has served a written offer of settlement. Scheurer argues that when a party has served a written offer of settlement, the offer-counteroffer provision negates the two-year commencement requirement. He contends that the plain language of the offer-counteroffer provision dictates that when a party serves a written offer of settlement, preverdict interest accrues from the time of the notice of claim, even if the party did not commence the action within two years of the notice of claim. The Estate responds that the two-year commencement requirement applies throughout the subdivision, including to the offer-counteroffer provision.

We hold that Minnesota Statutes section 549.09, subdivision 1(b), unambiguously requires that an "action must be commenced within two years of a written notice of claim

8

for interest to begin to accrue from the time of the notice of claim," even when either party serves a written offer of settlement.

The offer-counteroffer provision includes two directives articulated through two separate sentences. Together, the sentences provide:

> The prevailing party shall receive *interest on any judgment or award from the time of commencement of the action or a demand for arbitration, or the time of a written notice of claim, or as to special damages from the time when special damages were incurred, if later, until the time of verdict, award, or report* only if the amount of its offer is closer to the judgment or award than the amount of the opposing party's offer.

> If the amount of the losing party's offer was closer to the judgment or award than the prevailing party's offer, the prevailing party shall receive *interest only on the amount of the settlement offer or the judgment or award, whichever is less*, *and only from the time of commencement of the action or a demand for arbitration, or the time of a written notice of claim, or as to special damages from when the special damages were incurred, if later, until the time the settlement offer was made.*

Minn. Stat. § 549.09, subd. 1(b) (formatting altered) (emphasis added). Scheurer contends that the first directive affects the date on which preverdict interest *starts* accruing. This argument fails because *neither* of the two directives contain language that determines or changes the date on which interest starts accruing. In both directives, the Legislature included the same potential start dates as in the general rule: "the time of commencement of the action or a demand for arbitration, or the time of a written notice of claim." *Id.* The two directives do not contain any instruction on how to choose between the potential start dates. Instead, when read as a whole, the offer-counteroffer provision's directives affect two other terms in the preverdict interest equation: (1) the principal on which preverdict interest accrues—the "judgment or award" versus "the amount of the settlement offer"; and

9

(2) the date on which preverdict interest stops accruing—"the time of verdict, award, or report" versus "the time the settlement offer was made." Minn. Stat. § 549.09, subd. 1(b).[3] Consequently, courts must look to the two-year commencement requirement for the date on which preverdict interest starts accruing. Doing so not only adheres to the text of the statute, but also comports with "the fundamental rule of statutory construction that a statute is to be read and construed as a whole so as to harmonize and give effect to all its parts." *State v. Riggs*, 865 N.W.2d 679, 683 (Minn. 2015) (citation omitted). Reading the statute this way harmonizes the general rule in the first sentence of subdivision 1(b) with the later offer-counteroffer provision.

We hold, under the plain language of Minnesota Statutes section 549.09, subdivision 1(b), that the offer-counteroffer provision does not negate the two-year commencement requirement. Because Scheurer did not commence the action within two years of serving a written notice of claim, and because the two-year requirement is not affected by the service of a written offer for settlement, we affirm the court of appeals'

---

[3] Reading the language of the two directives in the offer-counteroffer provision together, it is clear that the Legislature intended to encourage parties to make reasonable settlement offers. *See* Minn. Stat. § 549.09, subd. 1(b); *see also* Patrick C. Diamond, Note, *The Minnesota Pre–Judgment Interest Amendment: An Analysis of the Offer–Counteroffer Provision*, 69 Minn. L. Rev. 1401, 1403–10 (1985) (summarizing the history of the preverdict interest amendment and stating that "the intended purposes of the statute are clear: the full compensation of injured parties and the encouragement of early and reasonable settlements").

conclusion that preverdict interest did not begin to accrue until Scheurer commenced the action on November 28, 2020.[4]

## II.

We turn next to the calculation issue. The parties dispute whether preverdict interest is calculated based on the amount of damages awarded by the jury *before* deducting compensation the plaintiff received from collateral sources or whether preverdict interest is calculated based on the amount of damages awarded in the judgment *after* deducting compensation from collateral sources. This dispute centers on the language of section 549.09, subdivision 1(b), which provides for preverdict "interest on the *judgment or award*." Minn. Stat. § 549.09, subd. 1(b) (emphasis added). The Estate argues that preverdict interest must be calculated based on the amount awarded in the judgment after collateral payments are deducted and that the word "award" as used in the text of the statute is limited to arbitration awards. Scheurer counters that the term "award" can refer to the jury's decision assessing damages and thus does not include the subsequent deduction of compensation from collateral sources. The narrow question before us then, is whether "award" as used in the statute can mean the jury's award of damages—in other words, the total jury verdict before the deduction of collateral sources.

---

[4]  In its brief, the Estate also argues that Scheurer's written notice of claim was insufficient to trigger application of Minnesota Statutes section 549.09 because the letter he sent was not addressed to the defendant, but rather her insurer. Because we conclude that preverdict interest began accruing when Scheurer commenced the action, regardless of whether he served a valid written notice of claim, we do not address this argument.

## A.

We first consider whether the term "award" in section 549.09, subdivision 1(b), is ambiguous.  In determining whether a statute is ambiguous, we give words and phrases their plain and ordinary meaning.  *Poehler*, 899 N.W.2d at 140–41.  We may consult dictionary definitions to determine the plain and ordinary meaning of undefined words in a statute.  *Id.*  *Black's Law Dictionary* defines "award" as a "final judgment or decision, esp. one by an arbitrator or by a jury assessing damages."  *Award*, *Black's Law Dictionary* (12th ed. 2024).  *Merriam-Webster's* defines "award" as "a judgment or final decision; *esp*: the decision of arbitrators in a case submitted to them."  *Merriam-Webster's Collegiate Dictionary* 86 (11th ed. 2020).  Based on these dictionary definitions, the plain meaning of "award" is a final judgment or decision of benefit due.  Both juries and arbitrators render final judgments and decisions of benefit due.  Juries render such decisions at the conclusion of a jury trial, while arbitrators render the decision at the conclusion of an arbitration.  The plain meaning of "award" may therefore encompass jury awards as well as arbitration awards.  Thus, both parties' interpretations are reasonable, and we conclude that the term is ambiguous as used in section 549.09, subdivision 1(b).

## B.

"When a statute is ambiguous, we may consider additional canons of construction to determine the intent of the Legislature."  *State v. Serbus*, 957 N.W.2d 84, 89 (Minn. 2021).  As relevant here, the statutory and legislative history, the purpose of the statute, and the consequences of a particular interpretation all lead us to conclude that the Legislature intended the term "award" in section 549.09, subdivision 1(b), to mean

arbitration awards and not jury verdicts. *See* Minn. Stat. § 645.16 (listing considerations for courts to reference when "the words of a law are not explicit").

We turn first to the statutory and legislative history. To ascertain the intent of the Legislature, we may consider the former law. Minn. Stat. § 645.16(5). Specifically, "[i]f the language of the Revised Statutes be . . . . of doubtful meaning or import, or susceptible of two constructions, the prior statutes, of which the new is the revision, may be resorted to for the purpose of rendering the new clear." *Welscher v. Myhre*, 42 N.W.2d 311, 313 (Minn. 1950); *see also Mankato Citizens Tel. Co. v. Comm'r of Tax'n*, 145 N.W.2d 313, 318–20 (Minn. 1966). We may also consider contemporaneous legislative history to understand the meaning of an ambiguous term. *See In re Surveillance & Integrity Rev.*, 999 N.W.2d 843, 860 (Minn. 2024).

Before 1991, Minnesota Statutes section 549.09 did not expressly allow for preverdict interest on arbitration awards. During the 1991 session, the Legislature added references to "awards" and the term "arbitrator" to multiple sentences throughout the section. Act of June 3, 1991, ch. 321, § 7, 1991 Minn. Laws 2192, 2194–95. During a House Judiciary Committee meeting, one legislator stated:

> Sections two and three allow interest in arbitration awards. The reason we want to do that is to encourage, not discourage arbitration. And, when the prejudgment interest bill was passed a number of years ago, I think it was strictly an oversight that arbitration was not included. And so that would allow such awards in arbitration.

Hearing on H.F. 1142, H. Jud. Comm., 77th Minn. Leg., Apr. 19, 1991 (audio file 4) at 00:30:45 (comments of Rep. Carruthers, House sponsor of the bill). As the sponsor of the bill, Representative Carruthers's statements "on the purpose or effect of the legislation" is

13

"entitled to some weight in construing [the] statute." *State v. Hanson*, 543 N.W.2d 84, 89 (Minn. 1996). The statutory history and contemporaneous legislative history both support the Estate's interpretation. These sources indicate that, as used in the statute, the Legislature intended "award" to refer to arbitration awards.[5]

We may also consider the purpose of the law when ascertaining the Legislature's intent. *Marks v. Comm'r of Revenue*, 875 N.W.2d 321, 326 (Minn. 2016); *see also* Minn. Stat. § 645.16(1), (4) (directing courts to ascertain legislative intent by examining "the occasion and necessity for the law" and "the object to be attained" by the law). Preverdict interest differs from conventional interest in that it cannot be calculated until the amount on which interest is allowed has been fixed by jury verdict. *See, e.g.*, *Lienhard v. State*, 431 N.W.2d 861, 865 (Minn. 1988). Accordingly, we have recognized that preverdict interest is " 'an element of damages awarded to provide full compensation by converting time-of-demand . . . damages into time-of-verdict damages.' " *Else v. Auto-Owners Ins.*, 980 N.W.2d 319, 325 (Minn. 2022) (quoting *Lienhard*, 431 N.W.2d at 865); *see also* Minn. Stat. § 549.09, subd. 1(b) (instructing courts not to award preverdict interest on "damages that are noncompensatory in nature"). By enacting Minnesota Statutes section 549.09, subdivision 1(b), the Legislature intended to provide most plaintiffs full compensation for their damages. The purpose of providing preverdict interest is to compensate the plaintiff

---

[5]     In a 2017 decision, we held that, "absent contractual language explicitly precluding preaward interest, an insured may recover preaward interest on an appraisal award for a fire insurance loss." *Poehler*, 899 N.W.2d at 142. We noted, however, that the insurer had not challenged the district court's ruling that the insured's demand for an appraisal triggered the right to preaward interest. *Id.* at 140 n.2.

for the lost time-value of that money, and that purpose is not served if a plaintiff is awarded interest on money the plaintiff actually and already received.

Interpreting "award" to encompass the jury verdict before the reduction for collateral sources, and thereby allowing the plaintiff to recover preverdict interest on money the plaintiff already received, may provide a plaintiff with more than full compensation. As happened here, the plaintiff might receive payments from collateral sources well before the verdict is entered. Allowing the plaintiff to collect interest on money they obtained months before the jury returns its verdict compensates a plaintiff for money they are not owed. Here, the record shows that Scheurer received payments for past medical expenses and past wage loss years before the jury issued its verdict. Requiring the defendant to pay preverdict interest on such amounts is likely a consequence the Legislature did not intend when enacting this statute. *Serbus*, 957 N.W.2d at 89 (explaining that courts may consider the consequences of a particular interpretation to ascertain the Legislature's intent). The purpose of preverdict interest and the consequences of Scheurer's interpretation resolve any ambiguity in favor of interpreting the statute to require preverdict interest to accrue on the judgment rather than on the jury verdict.

We hold, under Minnesota Statutes section 549.09, subdivision 1(b), that preverdict interest accrues on the judgment, rather than the jury verdict. The district court therefore properly deducted collateral source payments from the award before calculating interest. For this reason, we reverse the court of appeals' decision on this issue.

15

* * *

In sum, we hold that Minnesota Statutes section 549.09, subdivision 1(b), requires that an "action must be commenced within two years of a written notice of claim for interest to begin to accrue from the time of the notice of claim," regardless of whether a party serves a written offer of settlement. Additionally, we hold that preverdict interest accrues on the judgment, rather than the jury verdict. Our decision results in reinstatement of the district court's order that granted Scheurer preverdict interest in the amount of $53,320.00.

**CONCLUSION**

For the foregoing reasons, we affirm the decision of the court of appeals in part and reverse in part.

Affirmed in part, reversed in part.